UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| JAMES DANIELS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-120-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff James Daniels ("Daniels") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Daniels seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Daniels.

**I.   BACKGROUND**

Daniels filed an application for Supplemental Security Income ("SSI") on March 5, 2004. This claim was denied initially and upon reconsideration. Thereafter, Daniels requested a hearing before an Administrative Law Judge ("ALJ"). On January 4, 2006, a administrative

hearing was conducted before ALJ David B. Daugherty.  During the hearing, ALJ Daugherty heard testimony from Daniels and Dwight McMillion, a vocational expert ("VE").  Thereafter, ALJ Daugherty issued a decision denying benefits to Daniels. [Transcript ("Tr."), pp. 7-16] The ALJ concluded that Daniels retained the residual functional capacity to perform a range of light and sedentary work. [Tr., p. 14]  Daniels' request for review by the Appeals Council was denied on May 26, 2006.  [Tr., pp. 2-4]

At the time of the administrative hearing, Daniels was a 33 year-old individual with a second grade education. [Tr., p. 15] He has past work experience as a maintenance worker. [Tr., p. 14] Daniels alleges that he became disabled beginning March 1, 1991, due to back pain, pain in the shoulders and knees, poor reading and writing skills, and hearing problems.  [Tr., p. 12-4] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Daniels had the residual functional capacity to perform a range of light and sedentary work.  [Tr., p. 14]  He concluded that Daniels was not disabled as defined in the Social Security Act and regulations. [Tr., p. 16]

## II. LEGAL STANDARD

A claimant's Social Security disability determination is made in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 416.920(b).  Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment

and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (*quoting Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the

record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. DISCUSSION

Daniels raises one issue in this action. He contends that ALJ Daugherty's decision was not supported by substantial evidence because he did not have the findings from Daniels' prior social security decision before him for consideration at the time he made his decision. Relying

on the Sixth Circuit's opinion in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), Daniels asserts that ALJ Daugherty was bound by the decision of the prior ALJ and was precluded from finding a different RFC from that found by the prior ALJ.

At his hearing before ALJ Daugherty, Daniels testified that he received benefits from the time he turned eighteen until he was incarcerated in 1991. [Tr., p. 136] He also testified that his benefits were reinstated for a period of time while he was released on parole. [Tr., p. 136-37] However, he testified that he subsequently violated his parole and was incarcerated again and has not received any benefits since 2000. [Tr., p. 137] He further testified that, to the best of his recollection, the prior decision awarding benefits was based on his learning disabilities and poor academic skills. [Tr., p. 137] Other than Daniels' testimony, there is no record of the prior decision awarding benefits in the record before this Court. In his memorandum in support of his motion for summary judgment, Daniels "acknowledges, for purposes of completeness, that it is not possible to know which level (i.e., initial, reconsideration, ALJ, Appeals Council, or Federal Court) the Plaintiff was awarded his benefits on the earlier application." [Record No. 9, p. 5 n.1]

In *Drummond*, the Sixth Circuit held that an ALJ is bound by the findings of a previous ALJ, absent a showing of changed circumstances by the Commissioner. *Drummond*, 126 F.3d at 842. In that case, the claimant's initial application for Supplemental Security Income was denied by an ALJ, finding that the claimant retained the RFC to perform "sedentary" work. *Id*. at 838. The claimant filed a subsequent application for Supplemental Security Income two years later, and another hearing was held before an ALJ. *Id*. Following the subsequent hearing, the

ALJ concluded that the claimant had the RFC to perform "medium" work. *Id.* at 839. The district court affirmed the ALJ's determination; however, the Sixth Circuit reversed, finding that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* at 842. Because the findings of the previous ALJ combined with the advanced age of the applicant entitled her to benefits, and because the Commissioner did not meet its burden to demonstrate changed circumstances, the Sixth Circuit remanded the case for an award of benefits. *Id.* at 843 ("The burden is on the Commissioner to prove changed circumstances and therefore escape the principles of res judicata.").

Here, ALJ Daugherty noted in his decision that Daniels "reported he drew benefits until 1991 when he went to jail for burglary and his benefits were terminated." [Tr., p. 14] Daniels contends, that based on this statement and the statements at the hearing, *see* Tr., p. 136-37, it appears that ALJ Daugherty did not have the previous findings before him for his consideration. Additionally, Daniels contends that ALJ Daugherty's statement in his decision is incomplete because he failed to note that Daniels' "benefits were reinstated for a period of time [in 2000] until he was terminated for violation of parole." [Record No. 9, p. 3-4] According to Daniels, the Commissioner could not have met his burden under *Drummond* to demonstrate changed circumstances if the ALJ did not have the previous findings before him.

As noted previously, the prior decision awarding benefits to Daniels is not in the record before this Court. Nor has Daniels contended that the prior decision followed a trial-type hearing to which the *Drummond* principles of res judicata would apply. [Record No. 9, p. 5 n.1] *See Drummond*, 1997 F.3d 841 ( "Res judicata applies in an administrative law context

following a trial type hearing."); *Asbury v. Comm'r of Soc. Sec.*, 83 Fed. App'x 682, 684 n.1 (6th Cir. 2003) (unpublished decision) ("We recognize that the applicability of the *Drummond* analysis is not clear with respect to administrative hearings that do not follow 'trial-type' hearings."); *Schuler v. Comm'r of Soc. Sec.*, 109 Fed. App'x 97, 98 n.1 (6th Cir. 2004) (unpublished decision) ("*Drummond v. Commissioner,* 126 F.3d 837 (6th Cir. 1997), on which Schuler relies, requires only that final administrative decisions made after a hearing are entitled to this deference.").

However, even if the prior decision awarding Daniels benefits did follow a trial-type hearing, Daniels testified that his benefits have since been "cut off" due to his incarceration and parole violation. [Tr., p. 136-37] Under *Drummond*, the termination of his benefits would be considered an "initial determination," and the principles of res judicata would apply to that termination. *See Drummond*, 126 F.3d at 841 ("An initial determination is subject to the doctrine of administrative res judicata."); 20 C.F.R. § 404.902 ("[I]nitial determinations include, but are not limited to, determinations about . . . (h)Termination of your benefits."). Accordingly, ALJ Daugherty would not have been bound by the prior decision awarding benefits, but rather, the more recent decision terminating Daniels' benefits.

Finally, even if ALJ Daugherty was bound by the prior decision awarding benefits as recently as 2000, the Sixth Circuit has held that the failure to produce the findings of a previous ALJ in a later decision does not necessarily mean that the ALJ's decision is not supported by substantial evidence. *See Collier v. Comm'r Soc. Sec.*, 108 Fed. App'x 358, 363 (6th Cir. 2004) (unpublished decision). In *Collier v. Commissioner of Social Security*, the Sixth Circuit rejected

the argument that "the Commissioner's failure to produce [an] earlier case file prevented the ALJ from applying the principles articulated in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir.1997)." *Id*. The Court found that the current ALJ based its decision on new medical evidence and that substantial evidence existed to support the ALJ's new determination of the applicant's RFC. The Court additionally noted the district court's finding that "it would serve no practical purpose to remand the case merely to seek the earlier administrative decision." *Id*.

In the present administrative decision, ALJ Daugherty found that Daniels was not entitled to benefits. In reaching this determination, the ALJ reviewed the medical and psychological evaluations of Daniels from 2004 and determined that he had the residual functioning capacity to perform a range of light and sedentary work. [Tr., p. 14] The ALJ found that Daniels had severe impairments including organic mental disorder and a history of drug and alcohol abuse, that the past history of drug and alcohol abuse was material to a finding of disability, that Daniels could lift a maximum of 20 pounds occasionally and a maximum of 10 pounds frequently, and that he has a moderate loss in concentration, persistence and pace. [Tr., p. 13-15] Additionally, the ALJ found that he had no medically determinable impairments beyond the history of substance abuse and a self-described hearing loss. [Tr., p. 13] Further, the ALJ noted that the vocational expert testified that, given Daniels' age, education, work experience, and RFC, Daniels "would be able to perform the requirements of 60 percent of the light and sedentary jobs administratively noted in the DOT." [Tr., p. 15-16] The ALJ concluded that,

> [b]ased on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functioning capacity, the claimant is capable of making a successful adjustment

to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under SSR 85-15.

[Tr., p. 16]

As in *Collier*, the ALJ in the present case based his decision on "new" medical evidence from 2004 and concluded that Daniels was not disabled. *See Collier*, 108 Fed. App'x at 363. His findings support an RFC for light and sedentary work, and "it would serve no practical purpose to remand the case merely to seek the earlier administrative decision." *Id.* (*citing* the district court's opinion). Accordingly, after a careful review of the record, this Court finds that ALJ Daugherty's determination is supported by substantial evidence.

For the reasons discussed above, the Court finds that the Claimant has failed to provide any basis for reversing the decision of ALJ Daugherty or for remanding the case for further proceedings. Further, after reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence.

### IV.  CONCLUSION

Being sufficiently advised, it is hereby **ORDERED** as follows:

1.  Daniels' Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.  The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**;

3.  The administrative decision will be **AFFIRMED** by separate judgment to be entered this date.

This 25th day of January, 2007.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge